UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>WINN MANAGEMENT GROUP, LLC,<br><br>Defendant. | No. 1:15-cv-00606-DAD-EPG<br><br>ORDER GRANTING JOINT REQUEST TO DISTRIBUTE UNCASHED FUNDS TO CY PRES<br><br>(Doc. No. 45) |

On February 23, 2018, the court granted final approval of the class action and FLSA settlement reached in this case. (Doc. No. 44.) Under the approved settlement agreement, "[a]ny unclaimed funds in the Settlement Administrator's account as a result of the failure to timely cash Settlement Share checks shall be distributed by the Settlement Administrator to the State of California, California Department of Industrial Relations Unpaid Wage Fund." (Doc. No. 28-1 at 30.)

According to the parties, the unclaimed funds resulting from the settlement in this matter total $3,162.51. (Doc. No. 45 at 2.) On March 12, 2019, the court-appointed Settlement Administrator, CPT Group, Inc., informed counsel that the California Department of Industrial Relations ("DIR") would not accept the unclaimed wage claim funds because the funds collected

/////

1

and sent were not investigated by the DIR and because the amounts due to workers were not confirmed by the DIR. (*Id.*)

Because the DIR will not accept the unclaimed funds, the parties have identified Legal Aid at Work as the alternate *cy pres* recipient of those unclaimed funds. (*Id.*) *Cy pres* awards "must be guided by (1) the objectives of the underlying statutes and (2) the interests of the silent class members." *Nachshin v. AOL*, 663 F.3d 1034, 1040 (9th Cir. 2011); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) (stating that distribution of unclaimed funds "should be guided by the objectives of the underlying statute and the interests of the silent class members.").

Here, the parties represent to the court that Legal Aid at Work operates several free legal clinics and helplines that were specifically created to provide direct, individualized help to workers across California. (Doc. No. 45 at 2.) These clinics include: Workers' Rights Clinic, Workers' Disability Law Clinic, and Wage Claim Clinic. (*Id.*) The parties also represent that naming Legal Aid at Work as the *cy pres* recipient will account for the nature of the instant lawsuit, which alleged unpaid overtime and penalties, the objectives of the underlying statute, and the interests of the silent class members. (*Id.*) Based on this information provided by the parties, the court is satisfied that Legal Aid at Work is an appropriate *cy pres* recipient of the unclaimed funds in this case.

Accordingly, the parties' joint stipulation to distribute uncashed funds to *cy pres* recipient Legal Aid at Work (Doc. No. 45) is granted.

IT IS SO ORDERED.

Dated: **April 16, 2019**　　　　　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE